**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                        Case No. 3:05-cr-159(S2)-J-32HTS

RONALD ROBERT EVANS, JR.
_____

**O R D E R**

This cause is before the Court on the Motion to Unseal Grand Jury Testimony/Evidence (Doc. #174; Motion), filed on November 16, 2005.[1] The Government's Opposition to Motion to Unseal Grand Jury Testimony (Doc. #180; Opposition) was filed on November 17, 2005.

In the Motion, Defendant moves for an order "unsealing all Grand Jury information, materials and transcripts which were submitted to the Magistrate Judge by the government, *in camera*, in support of detention[.]"  Motion at 1.  He notes that "[c]opies of the entire [grand jury] transcripts were made available" to the defense.  *Id.; see also id.* at 3 (complete grand jury transcripts already "furnished to the Defendant and all of his co-defendants");

---

[1] This matter was referred to the undersigned by the Honorable Timothy J. Corrigan, United States District Judge.  Order (Doc. #182), entered on November 18, 2005; *cf. In re Search of 6783 East Soaring Eagle Way*, 109 F. Supp. 2d 1162, 1165, 1168 (D. Ariz. 2000) (local rule expressly authorizing magistrate judges to disclose grand jury testimony not violative of Constitution or laws of the United States).

*cf.* Defendant Ronald Robert Evans, Sr.'s Motion for Rule 6(e) Order (Doc. #181), filed on November 17, 2005, at 1-3.  Indeed, the government has acknowledged in open court that such had been provided without any express limitation on their use.  *See also* Opposition at 1.  The United States argues this fact "does not mean that there is no 'prejudice' in making grand jury testimony available to the public."  *Id.* at 4.

In light of the unrestricted disclosure of the information to all Defendants, there remains, at most, a very limited secrecy interest.  An important reason for guarding against disclosure is that "'prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony.'"  *In re Search of 6783 East Soaring Eagle Way*, 109 F. Supp. 2d at 1169 (quoting *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979)).  Presumably, those against whom the witnesses would be most likely to testify are the indicted Defendants who at this point have already been provided the grand jury testimony.  Similarly, there is no indication others are about to be indicted who would flee in response to increased disclosure of the material.  *Cf. id.*

The United States maintains that granting the Motion would interfere with the "interest of encouraging witnesses to come forward and testify freely and honestly[.]"  Opposition at 4.  However, if witnesses will be discouraged from doing so, the

2

dissuasion would most plausibly result from knowledge their testimony may be subject to early disclosure to defendants by the United States, not from an apprehension that at some point thereafter it would find its way into court records.

Accordingly, having considered the positions of the parties, the Motion (Doc. #174) is **GRANTED** and the Government's *In Camera* Submission Re: Ronald Robert Evans, Jr. Detention Hearing is ordered **UNSEALED**. The contents thereof may be used by either party in relation to the pending motion for detention of Defendant.

**DONE** and **ORDERED** at Jacksonville, Florida, this 18th day of November, 2005.

/s/          Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
    and *pro se* parties, if any